

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-83,465-02

### EX PARTE DAVID DERON JONES, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 139216301010 IN THE 351ST DISTRICT COURT
### FROM HARRIS COUNTY

*Per curiam*.

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a controlled substance by fraud and sentenced to two years' imprisonment. He did not appeal his conviction.

Applicant contends that his trial counsel rendered ineffective assistance because she failed to challenge the evidence and allowed him to plead guilty to an offense for which he was not charged. *See Avery v. State*, 359 S.W.3d 230 (Tex. Crim. App. 2012).

The trial court has determined that trial counsel's performance was deficient and that such deficient performance prejudiced Applicant and the State agrees. This Court has recently decided a case with similar facts and circumstances. *Ex parte Lewis*, WR-83,458-01 & WR-83,458-02, __ S.W.3d __ (Tex. Crim. App. Sep. 27, 2017). Relief is granted based on the analysis enumerated in *Lewis*.

The judgment in Cause No. 321010351 in the 351st District Court of Harris County is set aside, and Applicant is remanded to the custody of the Sheriff of Harris County to answer the charges as set out in the indictment. The trial court shall issue any necessary bench warrant within 10 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.

Delivered: November 1, 2017

Do not publish